IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 2 4 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-01677-BNB

MICHAEL BRACKEEN, and
ANDRES HOEPKER,

      Plaintiffs,

v.

STEVE BROWN, SR., (BCCF),
JAN BRYANT, (BCCF),
TONY CAROCHI, (CDOC),
TOM CLEMENTS, (CDOC),
MARSHALL GRIFFITH, (CDOC),
JOSIE LOPEZ, (BCCF),
MELINDA MARTIN, (BCCF),
LARRY REID, (CDOC),
TERESA REYNOLDS, (CDOC),
JASON SANCHEZ, (CDOC),
BRIGHAM SLOAN, (BCCF),
MARLENE YBARRA, (BCCF), and
ARI ZAVARAS, (CDOC),

      Defendants.

---

## ORDER DIRECTING PLAINTIFFS TO FILE THIRD AMENDED COMPLAINT

---

Plaintiffs are prisoners in the custody of the Colorado Department of Corrections at the Bent County Correctional Facility in Las Animas, Colorado. Plaintiffs, along with two other inmates, initiated this action by filing a complaint that was not on the proper Prisoner Complaint form, and they were directed to cure that deficiency. In response to the deficiency order, three of the original Plaintiffs submitted individual Prisoner Complaints, and Plaintiff Michael Brackeen submitted two individual Prisoner Complaints, for a total of five Prisoner Complaints.

On August 8, 2011, the four original Plaintiffs were ordered to file jointly a second amended complaint that is signed by each Plaintiff. On September 8, 2011, the four original Plaintiffs filed a second amended Prisoner Complaint (Doc. #19) pursuant to 42 U.S.C. § 1983 alleging that their rights under the United States Constitution have been violated. On September 12, 2011, all four original Plaintiffs were granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. On October 19, 2011, two of the original Plaintiffs were dismissed as parties to this action because they failed either to pay an initial partial filing fee or to show cause why they were unable to pay an initial partial filing fee. As a result, only the two inmates--Michael Brackeen and Andres Hoepker--remain as Plaintiffs.

The court must construe the second amended complaint liberally because Plaintiffs are not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiffs will be ordered to file jointly a third amended Prisoner Complaint if they wish to pursue their claims in this action.

The court has reviewed the second amended Prisoner Complaint and finds that it is deficient because Plaintiffs have failed to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiffs are entitled to relief. *See Monument Builders of Greater Kansas*

*City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir.

1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.

*See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D.

Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that

a complaint "must contain (1) a short and plain statement of the grounds for the court's

jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is

entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is

reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple,

concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis

placed on clarity and brevity by the federal pleading rules. Prolix, vague, or

unintelligible pleadings violate Rule 8.

   Plaintiffs complain in the second amended complaint that their First and

Fourteenth Amendment rights have been violated because prison officials at the Bent

County Correctional Facility are censoring incoming mail and preventing them from

receiving complete issues of Penthouse magazine. Plaintiffs also claim that prison

officials have retaliated against them, or at least against Plaintiff Brackeen, for

complaining and filing grievances about the alleged censorship. With respect to their

First Amendment censorship claim, it appears that Plaintiffs are challenging DOC

Administrative Regulation 300-26, which governs Offender Reading Material, both on its

face and as applied to them but they fail to distinguish between these claims. Plaintiffs

also fail to specify how their Fourteenth Amendment rights allegedly have been in

connection with their censorship claim. In other words, it is not clear whether Plaintiffs

are claiming that the alleged censorship violates their rights to due process, equal

protection, or both.  As a result, it is not clear what specific claims for relief Plaintiffs are

asserting in the second amended complaint.  It also is not clear which specific claims

for relief Plaintiffs are asserting against each named Defendant or what each named

Defendant allegedly has done that violates Plaintiffs' constitutional rights.  Therefore,

Plaintiffs will be ordered to file a third amended complaint that provides a short and

plain statement of each claim they are asserting if they wish to pursue those claims in

this action.

Plaintiffs are advised that in order to state a claim in federal court they "must

explain what each defendant did to [them]; when the defendant did it; how the

defendant's action harmed [them]; and, what specific legal right the plaintiff[s] believe[]

the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158,

1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed

liberally has limits and "the court cannot take on the responsibility of serving as the

litigant's attorney in constructing arguments and searching the record." *Garrett v.

Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Plaintiffs also are advised that § 1983 "provides a federal cause of action against

any person who, acting under color of state law, deprives another of his federal rights."

*Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158,

161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of

their authority to deprive individuals of their federally guaranteed rights and to provide

relief to victims if such deterrence fails.").  Therefore, Plaintiffs should name as

Defendants in their third amended complaint only those persons they contend actually

4

violated their federal constitutional rights.

Because Plaintiffs have named a number of supervisory officials as Defendants, the Court emphasizes that personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiffs must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). With respect to the supervisory officials, a Defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Furthermore:

> [W]hen a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1949). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id*. at 1199. Accordingly, it

5

is

ORDERED that, **within thirty (30) days from the date of this order**, Plaintiffs jointly file a third amended Prisoner Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8(a) as discussed in this order.  It is

FURTHER ORDERED that Plaintiffs shall obtain the court-approved Prisoner Complaint form (with the assistance of their case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiffs fail to file a third amended Prisoner Complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED October 24, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 11-cv-01677-BNB

Michael Brackeen
Prisoner No. 133300
Bent County Correctional Facility
11560 Road FF75
Las Animas, CO 81054

Andres Hoepker
Prisoner No. 108232
Bent County Correctional Facility
11560 Road FF75
Las Animas, CO 81054

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on October 24, 2011.


GREGORY C. LANGHAM, CLERK


By:_____
                        Deputy Clerk