**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 11-cv-01677-RM-KMT

MICHAEL BRACKEEN,

    Plaintiff,
v.

STEVEN BROWN, SR (BCCF),
JAN BRYANT (BCCF),
MARSHALL GRIFFITH (CDOC),
JOSIE LOPEZ (BCCF),
MELINDA MARTON (BCCF),
TERESA REYNOLDS (CDOC),
BRIGHAM SLOAN (BCCF),
MARLENE YBARRA (BCCF),
STEVE BROWN JR (BCCF), and
JASON SANCHEZ (CDOC),

    Defendants.

_____

**ORDER OF DISMISSAL WITHOUT PREJUDICE (ECF No. 102)**
_____

THIS MATTER comes before the Court on Defendants Steve Brown, Sr., Jan Bryant, Josie Lopez, Melynda Marton (erroneous named as Melinda Marton), Brigham Sloan, Marlene Ybarra, and Steve Brown, Jr.'s (collectively "CCA Defendants") "Motion to Dismiss Pursuant to Fed.R.Civ.P. 41(a)(1)(A)(ii), or in the Alternative, Motion for Sanctions Pursuant to Fed.R.Civ.P. 37" ("Motion to Dismiss") (ECF No. 102). CCA Defendants represented the Plaintiff and remaining defendants do not object to the relief requested. In addition, neither Plaintiff nor any other party has filed a response or objection to the relief requested and the time for doing so has expired.

The Court has reviewed the Motion to Dismiss, accompanying exhibits, including a Joint Stipulated Motion for Dismissal Pursuant to Fed.R.Civ.P. 41(a)(1)(A)(ii) ("Stipulated Motion"), and

other papers filed in this case. In a letter dated June 4, 2013, Plaintiff wrote to CCA Defendants' counsel that Plaintiff would not participate in this case without an attorney and has stopped accepting any mail concerning this case. (ECF No. 102-3, Exhibit [Ex.] C.) During his deposition, Plaintiff confirmed he did not intend to participate in any hearing or event relating to this case, including participating in his noticed deposition, and would refuse any mail or correspondence from the parties and this Court. (ECF No. 102-4, Ex. D, Plaintiff's Deposition, pages 3-5.) In fact, Plaintiff has refused mail from the parties and this Court. (ECF No. 102-4, Ex. D, pages 5-6; ECF Nos. 109-110 [mail to Plaintiff returned to the Court as undeliverable].)

Also during Plaintiff's deposition, CCA Defendants' counsel asked Plaintiff if he would like to voluntarily dismiss his case. Plaintiff said he would but questioned whether he would be able to refile his case at a later point if he was able to obtain counsel. Nonetheless, Plaintiff signed the Stipulated Motion after he had an opportunity to review the same, acknowledged he understood what he was signing, and acknowledged he did so voluntarily. (ECF No. 102-4, Ex. D, pages 11-14.) Upon the foregoing, the Court finds Plaintiff voluntarily agreed to dismiss his case without prejudice and all defendants consented to the same. Accordingly, it is;

**ORDERED** that the Stipulated Motion (ECF No. 102-1) is GRANTED and Plaintiff's remaining claims and this action are dismissed without prejudice; and it is

**FURTHER ORDERED** that the Motion (ECF No. 102) is GRANTED as stated and to the extent provided herein.

DATED this 26th day of August, 2013.

BY THE COURT:

/s/ Raymond P. Moore
RAYMOND P. MOORE
United States District Judge